# EXHIBIT A

THE LAW OFFICES OF SAMUEL DAGAN
Samuel Dagan (CSB No. 196300)
16885 West Bernardo Drive, Suite 275
San Diego, CA 92127
Phone  858.487.6500
Fax    858.487.6501
Email  sam@daganlaw.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/04/2023** at 10:25:14 AM
Clerk of the Superior Court
By Isaiah Irizarry, Deputy Clerk

Attorneys for Plaintiff, Carlota Encuentra

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO - CENTRAL DIVISION

CARLOTA ENCUENTRA, an
individual

                    Plaintiff,

    v.

CHURCH & DWIGHT CO., INC., a
Delaware Corporation; AMAZON.COM
SERVICES LLC, a Delaware Limited
Liability Company; BRICK ADAMS
LLC, a New Jersey Domestic Limited
Liability Company; and DOES 1 through
30, inclusive,

                    Defendants.

Case No.  37-2023-00043197-CU-PL-CTL

**COMPLAINT FOR DAMAGES BASED ON:**

1. **Negligent Product Liability**
2. **Strict Product Liability - Design and Manufacturing Defect**
3. **Strict Product Liability - Failure to Warn**

[Unlimited Civil - Amount Demanded Exceeds $25,000.00]

COMES NOW plaintiff, Carlota Encuentra (hereinafter "Plaintiff" or "Ms. Encuentra"), and for causes of action complains against the Defendants and each of them as follows:

## GENERAL ALLEGATIONS

Plaintiff alleges:

1.    Venue is proper in the County of San Diego, California pursuant to California Code of Civil Procedure Section 395(a) because the facts, acts, events and happenings referred to herein which proximately caused the injuries and damages sustained by Plaintiff occurred in the County of San Diego, State of California.

EX A

1    2.    Plaintiff Carlota Encuentra is, and at all times herein relevant was, an individual

2    residing in the County of San Diego, State of California.

3    3.    Defendant Church & Dwight Co., Inc. ("C&D"), is, and at all times herein relevant

4    was, a limited liability company, organized and existing under the laws of the State of Delaware, and

5    is qualified to do business and is regularly conducting business within the County of San Diego,

6    State of California. C&D is a consumer goods company, mainly personal care, household products,

7    and specialty products, including several types and varieties of depilatories under its NAIR brand

8    ("body hair remover products").  It has corporate offices and major plants across the country, from

9    headquarters in Ewing, New Jersey to plants in nine states, including California.  It has a plant in

10   Victorville, California.

11   4.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

12   herein, Defendants, C&D, and DOES 1 through 10, inclusive, and each of them were engaged in the

13   business of developing, designing, manufacturing, assembling, inspecting, labeling, marketing,

14   storing, advertising, distributing, retailing and/or selling the Nair Au Naturel Milk & Honey roll-on

15   wax hair remover (hereinafter "Product") internationally, and the United States, including  the

16   County of San Diego, State of California; and/or offering and marketing the Product through

17   distributors, licensees, and retailers, including online retailers and online marketplaces,

18   internationally, and the United States, including the County of San Diego, State of California.

19   5.    Defendant Amazon.com Services LLC ("Amazon"), is, and at all times herein

20   relevant was, a limited liability company, organized and existing under the laws of the State of

21   Delaware, and is qualified to do business and is regularly conducting business within the County of

22   San Diego, State of California.  Amazon is an online retailer and/or online marketplace that provides

23   e-commerce services ("Amazon's website") with its headquarters in Seattle, Washington and

24   locations internationally and the United States, including the County of San Diego, State of

25   California.

26   6.    Plaintiff is informed and believes and thereon alleges that Amazon, and DOES

27   11 through 20, inclusive, and each of them were engaged in the business of producing, designing,

28

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

2

EX A

1   marketing, inspecting, advertising, selling, storing, distributing, and/or shipping products directly

2   to consumers and/or allow third party sellers to sell their products on its website, including the

3   Product.   All third party sellers pay Amazon to sell items on Amazon's website.  Items purchased

4   on Amazon from third party sellers are either fulfilled by the merchant (FBM) or fulfilled by

5   Amazon (FBA). FBM goods are kept in the third party seller's inventory, and shipping and customer

6   service are handled by the third party merchant. FBA goods are stored in Amazon's fulfillment

7   centers, and shipping and customer service are handled by Amazon.  The Product is available for

8   consumer purchase on its website in both FBA and FBM.

9          7.       Defendant Brick Adams LLC ("Brick Adams"), is, and at all times herein relevant

10  was, a domestic limited liability company, organized and existing under the laws of the State of New

11  Jersey with its headquarters in Brick, New Jersey.  Brick Adams is a third party seller on Amazon's

12  website.

13         8.       Plaintiff is informed and believes and thereon alleges that Brick Adams, and

14  DOES 21 through 30, inclusive, and each of them were engaged in the business of inspecting,

15  labeling, advertising, marketing, storing, selling, distributing, and/or shipping thousands of different

16  types and varieties of goods on Amazon's website, including the Product, in the United States,

17  including the County of San Diego, State of California.

18         9.       At present, Plaintiff is unaware of the true names and capacities, whether individual,

19  plural, corporate, partnership, associate or otherwise, of DOES 1 through 30, inclusive, and are

20  unknown to Plaintiff who therefore sues said defendants by such fictitious names.  The full extent

21  of the facts linking such fictitiously sued defendants with the causes of action herein alleged are

22  unknown to Plaintiff.   Plaintiff is informed and believes, and thereon alleges, that each of the

23  defendants designated herein as a DOE, was and is negligently, or in some other actionable manner,

24  responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some

25  other actionable manner legally and proximately caused the hereinafter described injuries and

26  damages to Plaintiff.  Plaintiff will hereafter seek leave of Court to amend this Complaint to show

27  defendants' true names and capacities after the same have been ascertained.

28

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

3

EX A

10.     Plaintiff is informed and believes and thereon alleges, that at all times mentioned herein Defendants, including DOES 1 through 30, and each of them, were agents and/or employees of their co-defendants, and were, as such, acting within the course, scope and authority of said agency and/or employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, and/or employee.

11.     Defendants C&D, Amazon, Brick Adams, and DOES 1 through 30 ("Defendants") engaged in the manufacture, and/or the sale of the Product.  Defendants placed the Product in the market through their distribution chain that ended in Ms. Encuentra's possession for its intended use.

12.     On or about May 6, 2020, Ms. Encuentra began shopping on Amazon's website for a safe and effective body hair remover product. She came across the Product, and she was intrigued by Amazon website's Product description that read "roll-on design makes wax easier than ever to apply"; "15 second microwavable roll-on wax with 10 reusable cloth strips"; "The Milk and Honey formula soothes sensitive skin for a spa-like experience"; and "Application is simple, the results - incredible."

13.     On or about May 6, 2020,  Ms. Encuentra  purchased the Product on Amazon's website after reading the Product information on its website; The third party seller for the Product was Brick Adams.

14.     On or about May 9, 2020, the Product was shipped to Ms. Encuentra's home via Prime delivery and delivered to Ms. Encuentra's home shortly thereafter.

15.     In May 2020, on or around the time the Product was delivered, Ms. Encuentra decided to use the Product.  She found that the Product was encased in a clear plastic clamshell ("package").  Inside the package was the (1) Product-- a one 5.7 ounce bottle filled with wax ("bottle") with a white plastic applicator and roller that screws on and off on top of the bottle ("roller applicator") and a plastic cap on top of bottle in between the bottle and roller applicator ("hidden cap") (collectively, the "Product"); (2)  ten reusable cloth strips ("strips"); and (3) a separate cardboard in the shape of the package containing instructions ("package insert" and

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES
4

EX A

collectively, "packaging").  On the front of the bottle, it reads (in English and French): "Nair Hair Remover", "Au Naturel", "rinsable roll-on wax", "Milk & Honey for Dry & Sensitive Skin", "Long Lasting Smoothness", "100 ML", and "Church & Dwight Co. Inc.".  The back of the bottle is blank.  There were no instructions or warnings directly on the Product.

Ms Encuentra was looking forward to a "simple application" and a "spa-like experience" as indicated in the Production description on Amazon's website. Ms. Encuentra removed the Product from the package and followed the instructions on the package insert. She removed the hidden cap prior to placing the Product onto a plate, and then the plate into the microwave.  Ms. Encuentra's microwave was a modern Jenn-Air model in perfect working order.  It quickly became apparent that the application was not simple and it took much longer than 15 seconds for the Product to heat the wax to a point where it could be applied.  When Ms. Encuentra was finished using the Product, she neatly placed the Product into a zipper storage bag and stored the Product in a drawer.  She discarded the packaging.

16.  On or about October 29, 2021, Ms. Encuentra decided to use the Product for a second time. Ms. Encuentra was unaware the Product possessed any defect or was unreasonably dangerous because the Product appeared the same as the prior time she used it.  She removed the Product from the zipper storage bag and realized that the Product did not have any printed instructions directly on the Product.  Since there were no instructions directly on the Product, Ms. Encuentra relied on her memory from her prior use.  Ms. Encuentra did not see the hidden cap and therefore, did not remove it before placing the Product onto the plate.  She placed the plate into the same microwave that she had used before and remembered that the Product took much longer than 15 seconds to heat  the wax into a useable form.  After leaving the Product in the microwave for a period of time she estimated to be the same as before, Ms. Encuentra removed the Product from the microwave. She then placed the plate with Product onto the counter when the Product unexpectedly and violently exploded (hereinafter "Explosion"). The explosion caused the heated wax to spray across Ms. Encuentra's body, causing serious and permanent bodily injuries (hereinafter the "Incident").  Ms. Encuentra immediately experienced shock, and intense burning pain on her

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

5

EX A

abdomen, legs, arms, and thighs. The heated wax caused deep second degree burns on her body in a spotted pattern. Some of the burns were linear due to the heated wax dripping down Ms. Encuentra's body after initial impact.

17.    The root cause of the Incident was the hidden cap not being removed from the Product prior to placing the Product into the microwave to heat the wax.

18.    It is accepted within the scientific community that heating wax in a closed plastic container will cause an explosion.

19.    It is a customary standard in the industry for similar products to have instructions and a warning printed directly on the product to make it safe for all users and potential users under any circumstance.   There were no instructions or a warning printed directly on the Product.  There was ample room for instructions and a warning to be printed directly on the Product.  The Product should have 1) instructions stating to remove the hidden cap before placing in the microwave; and 2) a warning of the dangers of an explosion, printed directly on the Product

20.    Not having instructions and a warning printed directly on the Product renders the Product unreasonably dangerous for public use,  and therefore, defective.  Users are not aware of the hidden dangers because the hidden cap is not obvious.  It is foreseeable that users will place the Product in the microwave without removing the plastic cap hidden beneath the roller applicator. The Product would only be made safe for public use if it could be safely heated.  The Product should be made safe in all circumstances for users who come in possession of the Product under any and all circumstances, whether in its original packaging or in a stored otherwise.

21.    Ms. Encuentra was using the Product for its intended use and in a reasonably foreseeable way.   It is foreseeable that users (1) will discard packaging for personal care products; (2) will forget about the hidden cap while placing the Product into the microwave; and (3) will use memory for how long to heat the Product in the microwave.

22.    Had there been instructions and a warning directly on the Product, Ms. Encuentra would  have been aware of the hidden cap, and thereby remove the hidden cap prior to placing the Product into the microwave.

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

6

EX A

23.     Plaintiff is informed and believes, and thereon alleges, that the condition of the Product at the time of the Incident, including, but not limited to, (1) the unreasonably dangerous condition of the Product due to the hidden cap; (2)  the failure by Defendants to design and manufacture the Product to heat safely;  (3)  the failure by Defendants to identify the Product's hidden cap directly on the Product; and/or (4) the failure by Defendants to warn against the danger that the Product created an unreasonable risk of harm to members of the public in general, and to Ms. Encuentra  specifically, when the Product was used in a manner which was reasonably foreseeable.

24.     Plaintiff is informed and believes, and thereon alleges, (1) the Product, was defective when it left Defendants' possession; (2) the hidden cap rendered the Product unreasonably dangerous; and (3) the defective condition of the Product was a legal cause of Ms. Encuentra's harm.

25.     As a result of the aforementioned acts of Defendants, Ms. Encuentra suffered physical, psychological and emotional injuries.

26.     The aforementioned acts of the Defendants  was a substantial factor in causing Ms. Encuentra's physical, psychological and emotional injuries.

**FIRST CAUSE OF ACTION AS AGAINST ALL DEFENDANTS**
**AND DOES 1 THROUGH 30, INCLUSIVE, AND EACH OF THEM**
**(Negligent Product Liability)**

27.     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in paragraphs 1 through 26 inclusive, above.

28.     Plaintiff is informed and believes, and thereon alleges, that prior to the Incident on October 29, 2021, defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and each of them designed, manufactured, assembled, labeled, warranted, maintained, stored inspected, sold, bought, controlled, managed, advertised, shipped, and/or otherwise distributed the Product.

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

7

EX A

29.     Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, were under a duty to manufacture, assemble, label, warrant, maintain, store, inspect, sell, buy, control, manage, advertise, ship, make representations about and/or warn of defects in or associated with the use of the Product, including all component parts thereof, in a reasonable manner, defendants C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, would be used without inspection for defects or dangers.

30.     Plaintiff is informed and believes, and thereon alleges, that the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, failed to exercise reasonable care by negligently and carelessly manufacturing, assembling, labeling, warranting, maintaining, storing, inspecting, selling, buying, controlling, managing, advertising, shipping, making representations about and/or warning of defects in or associated with the use of the Product, including all component parts thereof, in a reasonable manner, of the Product by 1) placing a hidden cap on the Product; and 2) not placing instructions and a warning directly on the Product regarding the hidden cap, thereby resulting in serious injuries to Ms. Encuentra upon heating the Product in the microwave.

31.     Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, thereby breached their above-described duties to Ms. Encuentra.

32.     The aforementioned negligent acts or omissions of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, were a substantial factor in causing Ms. Encuentra's harm.

33.     As a direct and proximate result of the aforementioned conduct of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, Ms. Encuentra was injured in her health, strength, and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, including, but not limited to her abdomen, legs, arms, and thighs, and psyche, all of which said injuries have caused and continue to cause Ms. Encuentra great physical, mental, and emotional pain and suffering. Plaintiff is informed and believes and thereon

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 255
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

8

EX A

1    alleges, that said injuries will result in disability to her, all to her general damage in excess of

2    $25,000.00 exclusive of interest and costs which will be stated according to proof.

3        34.    As a further direct and proximate result of the aforementioned conduct of the

4    defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and each of them,

5    Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses, therapists,

6    and the like, to care for and to treat her, and did incur hospital, medical, and incidental expenses.

7    Plaintiff is informed and believes, and thereon alleges, that by reason of her injuries, Ms. Encuentra

8    will necessarily incur additional like expenses for an indefinite period of time in the future in excess

9    of $25,000.00, the exact amount of which will be stated according to proof.

10       35.    As a further direct and proximate result of the conduct of the defendants, C&D,

11   Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and each of them, Plaintiff was

12   prevented from attending to her usual occupation for a period of time according to proof.  Ms.

13   Encuentra is informed and believes, and thereupon alleges, that he may be prevented from attending

14   to her usual occupation for a period of time in the future, and has also sustained a loss of earning

15   capacity in addition to lost earnings past and present, the exact amount of which is unknown at this

16   time, and according to proof.

17

18   **SECOND CAUSE OF ACTION AGAINST AS AGAINST ALL DEFENDANTS**

19   **AND DOES 1 THROUGH 30, INCLUSIVE, AND EACH OF THEM**

20   **(Strict Product Liability-Design and Manufacturing Defect)**

21       36.    Plaintiff realleges and incorporates by reference each allegation contained in

22   paragraphs 1 through 35,  above, as though fully set forth herein.

23       37.    Defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and

24   each of them, at all times mentioned herein manufactured, sold, and/or otherwise distributed  the

25   Product and placed the Product on the market in the ordinary course of business, were aware, or

26   should have been aware that the Product placed in Ms. Encuentra's possession, had an inherent

27   manufacturing defect because it contained a hidden cap, thereby causing serious injuries to Ms.

28

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

9

EX A

Encuentra upon heating the Product in the microwave.

38.   Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein knew or should have known that the Product would be used without inspection for the defect alleged herein.

39.   Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein knew or should have known that the hidden cap had potential risks, including, but not limited to exploding when the Product is placed in the microwave.

40.   Plaintiff is informed and believes, and based thereon alleges that on or before October 29, 2021, the potential risks caused by the Product's hidden cap presented a substantial danger to users of the Product, including but not limited to Ms. Encuentra. Ms. Encuentra is also informed and believes, and based thereon alleges that ordinary consumers and users, including but not limited to Ms. Encuentra, would not have recognized the potential risks caused by the Product's hidden cap.

41.   Plaintiff is informed and believes, and based thereon alleges that Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein failed to adequately warn or instruct consumers and users, including but not limited to Ms. Encuentra of the potential risks of placing the Product in the microwave with the hidden cap, including exploding.

42.   Plaintiff is informed and believes, and based thereon alleges that the Product at all times mentioned herein was used in a way that was reasonably foreseeable to defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them.

43.   Plaintiff is informed and believes, and based thereon alleges that Defendants', C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, failure to provide sufficient instructions or warnings regarding the Product to consumers and users, including but not limited to Ms. Encuentra, was a substantial factor in causing Ms. Encuentra's injuries.

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

10

EX A

44.     Plaintiff is informed and believes, and based thereon alleges that the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them were under a continuing duty to warn consumers and users, including but not limited to Ms. Encuentra, as long as the Product was in use, about the potential risks of explosion.

45.     Ms. Encuentra neither knew, nor had reason to know at the time she placed the Product in the microwave, that the Product had a hidden cap, and that it needed to be removed prior to placing the Product in the microwave, and/or that it could explode, and thus was defective.

46.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, Ms. Encuentra was injured in her health, strength, and activity, sustaining injury to her body, and shock and injury to her nervous system and person, including but not limited to her abdomen, legs, arms, and thighs , and psyche, all of which said injuries have caused and continue to cause Ms. Encuentra physical, mental, and emotional pain and suffering. Ms. Encuentra is informed and believes and thereupon alleges, that said injuries will result in disability to her, all to her general damage in excess of the jurisdictional minimum, exclusive of interest and costs, which will be stated according to proof.

47.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, Ms. Encuentra was compelled to and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and the like, to care for and treat her, and did incur hospital, medical, and incidental expenses. Ms. Encuentra is informed and believes, and thereupon alleges, that by reason of her injuries, Ms. Encuentra will necessarily incur additional like expenses for an indefinite period of time in the future, in excess of the jurisdictional minimum, the exact amount of which will be stated according to proof.

48.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, Ms. Encuentra was prevented from attending to her usual occupation.  Ms. Encuentra is informed and believes, and thereupon alleges, that she will be prevented from attending to her usual occupation for a period of time in the future, and will also sustain a loss of earning capacity in addition to lost earnings past and present, in excess of the

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES
11

EX A

jurisdictional minimum, the exact amount of which is unknown at this time.

49.    Furthermore, the aforementioned acts of Defendants C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, were willful, wanton, malicious, despicable, and oppressive, were undertaken with a conscious disregard of the rights or safety of others, and justify the awarding of exemplary and punitive damages in an amount to punish defendants, according to proof at time of trial.

## THIRD CAUSE OF ACTION AGAINST AS ALL DEFENDANTS
## AND DOES 1 THROUGH 30, INCLUSIVE, AND EACH OF THEM
### (Strict Product Liability-Failure to Warn)

50.    Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 49, above, as though fully set forth herein.

51.    Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein manufactured, sold, and/or otherwise distributed the Product and placed the Product on the market in the ordinary course of business, were aware, or should have been aware that the Product placed in Ms. Encuentra's possession, had an inherent manufacturing defect because it contained a hidden cap, thereby causing serious injuries to Ms. Encuentra upon heating the Product in the microwave.

52.    Defendants C&D, Amazon, Brick Adams, and DOES 1 through 30, manufacturer, seller, and/or distributor of the Product is strictly liable for damages caused by the Product for failure to adequately warn of the potential risks that were known or knowable in light of the knowledge that was generally accepted in the scientific community. It is accepted within the scientific community that heating wax in a closed plastic container will cause an explosion.

53.    Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein knew or should have known that the Product would be used without inspection for the defect alleged herein.

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 275
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

12

EX A

54.     Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein knew or should have known that the hidden cap had potential risks, including, but not limited to exploding.

55.     Plaintiff is informed and believes, and based thereon alleges that on or before October 29, 2021, the potential risks caused by the Product's hidden cap presented a substantial danger to users of the Product, including but not limited to Ms. Encuentra.  Ms. Encuentra is also informed and believes, and based thereon alleges that ordinary consumers and/or users, including but not limited to Ms. Encuentra, would not have recognized the potential risks caused by the Product hidden cap.

56.     Plaintiff is informed and believes, and based thereon alleges that Defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and each of them, at all times mentioned herein failed to adequately warn or instruct consumers and/or users, including but not limited to Ms. Encuentra of the potential risks of placing the Product in the microwave with the hidden cap, including exploding.

57.     Plaintiff is informed and believes, and based thereon alleges that the Product at all times mentioned herein was used in a way that was reasonably foreseeable to defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive, and each of them.

58.     Plaintiff is informed and believes, and based thereon alleges that Defendants', C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive and each of them, failure to provide sufficient instructions or warnings regarding the Product to consumers and users, including but not limited to Ms. Encuentra, was a substantial factor in causing Ms. Encuentra's injuries.

59.     Plaintiff is informed and believes, and based thereon alleges that the defendants, C&D, Amazon, Brick Adams,  and DOES 1 through 30, inclusive and each of them were under a continuing duty to warn consumers and users, including but not limited to Ms. Encuentra, as long as the Product was in use, about the potential risks of explosion.

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

13

EX A

60.     Ms. Encuentra neither knew, nor had reason to know at the time she placed the Product in the microwave, that the Product had a hidden cap, and that it needed to be removed prior to placing the Product in the microwave, and/or that it could explode, and thus was defective.

61.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, Ms. Encuentra was injured in her health, strength, and activity, sustaining injury to her body, and shock and injury to her nervous system and person, including but not limited to hers abdomen, legs, arms, and thighs, and psyche, all of which said injuries have caused and continue to cause Ms. Encuentra physical, mental, and emotional pain and suffering. Ms. Encuentra is informed and believes and thereupon alleges, that said injuries will result in disability to her, all to her general damage in excess of the jurisdictional minimum, exclusive of interest and costs, which will be stated according to proof.

62.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive, and each of them, Ms. Encuentra was compelled to and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and the like, to care for and treat her, and did incur hospital, medical, and incidental expenses. Ms. Encuentra is informed and believes, and thereupon alleges, that by reason of her injuries, Ms. Encuentra will necessarily incur additional like expenses for an indefinite period of time in the future, in excess of the jurisdictional minimum, the exact amount of which will be stated according to proof.

63.     As a direct and proximate result of the defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, Ms. Encuentra was prevented from attending to her usual occupation. Ms. Encuentra is informed and believes, and thereupon alleges, that she will be prevented from attending to her usual occupation for a period of time in the future, and will also sustain a loss of earning capacity in addition to lost earnings past and present, in excess of the jurisdictional minimum, the exact amount of which is unknown at this time.

64.     Furthermore, the aforementioned acts of Defendants, C&D, Amazon, Brick Adams, and DOES 1 through 30, inclusive and each of them, were willful, wanton, malicious, despicable, and oppressive, were undertaken with a conscious disregard of the rights or safety of others, and

THE LAW OFFICES OF
SAMUEL DAOAN
16885 West Bernardo Dr., Suite 235
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

14

EX A

justify the awarding of exemplary and punitive damages in an amount to punish defendants, according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.    For general damages on all causes of action, as above stated, in excess of $25,000.00, the jurisdictional minimum of this Court, according to proof;

2.    For medical and incidental expenses on all causes of action, as above stated, in excess of the jurisdictional minimum of the Court, according to proof;

3.    For economic damages on all causes of action, as above stated for loss of earnings and/or earning capacity, past, present and future, in excess of the jurisdictional amount, according to proof;

4.    For loss of use of personal property and/or loss of value of personal property;

5.    For punitive damages;

6.    For costs of suit incurred herein;

7.    For prejudgment interest on all damages awarded; and

8.    For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to Code of Civil Procedure section 631, subdivision (f)(4), a trial by jury on all issues and causes of action triable by jury.

THE LAW OFFICES OF SAMUEL DAGAN

Dated: October 2, 2023

By:    Samuel Dagan, Esq.
Attorneys for Plaintiff, Carlota Encuentra

THE LAW OFFICES OF
SAMUEL DAGAN
16885 West Bernardo Dr., Suite 215
San Diego, CA 92127
Phone 858.487.6500
Fax 858.487.6501

COMPLAINT FOR DAMAGES

15

EX A