UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTA ENCUENTRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC., a Delaware Corporation; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; BRICK ADAMS LLC, a New Jersey Domestic Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 23-cv-02051-H-SBC<br><br>**ORDER GRANTING DEFENDANT CHURCH & DWIGHT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Doc. No. 5.] |

On November 14, 2023, Defendant Church & Dwight Co., Inc. ("Church & Dwight") filed a motion to dismiss Plaintiff Carlota Encuentra's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Doc. No. 4.) On December 4, 2023, Plaintiff filed a response in opposition to Church & Dwight's motion. (Doc. No. 9.) On December 6, 2023, the Court took the motion to dismiss under submission. (Doc. No. 10.) On December 11, 2023, Church & Dwight filed a reply. (Doc. No. 11.) For the reasons below, the Court grants Defendant Church & Dwight's motion to dismiss without leave to amend.

### Background

The following factual background is taken from the allegations in Plaintiff's state court complaint. Defendant Church & Dwight is a consumer goods company that manufactures household personal care products, including body hair remover products and, specifically, the "Nair Au Natural Milk & Honey roll-on wax hair remover" ("the product at issue"). (Doc. No. 1-2, Compl. ¶¶ 3-4.)

On or about May 6, 2020, Plaintiff purchased the product at issue from Defendant Amazon.com Services LLC ("Amazon")'s website. (Id. ¶¶ 12-13.) Defendant Brick Adams was the third-party seller for the product. (Id. ¶ 13.)

On or about October 29, 2021, Plaintiff decided to use the product. (Id. ¶ 16.) It was the second time Plaintiff had used the product, and she did not have the printed instructions that were on the product's packaging insert anymore, so she relied on her memory from her prior use to prepare the product. (Id.) Plaintiff placed the product on a plate and microwaved it to heat it up, but Plaintiff did not remember to take off the product's "hidden cap." (Id.) Plaintiff heated the product in the microwave for more than the 15 seconds stated on the product's enclosed instructions. (See id. ¶¶ 12, 15-16.) Plaintiff then took the product and plate out of the microwave, placed the plate on a counter, and then the product exploded, causing heated wax to spray across Plaintiff's body. (Id. ¶ 16.) Plaintiff suffered serious and permanent bodily injuries including second degree burns from the incident. (Id.)

Plaintiff alleges that it is a customary standard in the industry for similar products to have instructions and a warning printed directly on the product itself. (Id. ¶ 19.) Plaintiff asserts, therefore, that the product at issue should have had: "1) instructions stating to remove the hidden cap before placing in the microwave; and 2) a warning of the dangers of an explosion, printed directly on the Product." (Id.)

On October 4, 2023, Plaintiff filed a complaint in the Superior Court for the County of San Diego against Defendants Church & Dwight, Amazon, and Brick Adams, alleging claims for: (1) negligent product liability; (2) strict product liability – design and

manufacturing defect; and (3) strict product liability – failure to warn. (Doc. No. 1-2, Compl. ¶¶ 27-64.) On November 7, 2023, Defendants removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.)

On November 14, 2023, Defendant Amazon filed an answer to Plaintiff's complaint. (Doc. No. 4.) On November 28, 2023, Defendant Brick Adams filed an answer to Plaintiff's complaint. (Doc. No. 7.) By the present motion, Defendant Church & Dwight moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Doc. No. 5-1 at 3, 17.)

## Discussion

**I.    Legal Standards for a Rule 12(b)(2) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014); see Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) ("In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper"). "When a motion to dismiss is 'based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."'" Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 978 (9th Cir. 2021) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)). Under that standard, "'uncontroverted allegations in the complaint must be taken as true'" and "'[c]onflicts between parties over statements contained in affidavits must be resolved in [the plaintiff's] favor.'" AMA Multimedia, LLC v. Wanat, 970 F.3d 1201, 1207 (9th Cir. 2020) (quoting Schwarzenegger, 374 F.3d at 800). But the "prima facie standard 'is not toothless.'" Id. (quoting In re Boon Glob. Ltd., 923 F.3d 643, 650 (9th Cir. 2019)). A court "'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'" Picot v. Weston, 780 F.3d 1206, 1209 n.1 (9th Cir. 2015) (quoting Mavrix Photo, Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1223 (9th

Cir. 2011)).  Further, "disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." AMA Multimedia, 970 F.3d at 1207.

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process." Dow Chemical Co. v. Calderon, 422 F.3d 827, 830 (9th Cir. 2005) (quoting Chan v. Society Expeditions, 39 F.3d 1398, 1404-05 (9th Cir. 1994)); see Impossible Foods Inc. v. Impossible X LLC, 80 F.4th 1079, 1086 (9th Cir. 2023).  "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'  California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) (quoting Cal. Civ. Proc. Code § 410.10).  District courts in California therefore inquire whether the exercise of personal jurisdiction "comports with the limits imposed by federal due process." Id.

"The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient 'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Impossible Foods, 80 F.4th at 1086 (quoting LNS Enters. LLC v. Cont'l Motors, Inc., 22 F.4th 852, 858 (9th Cir. 2022)); see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316–17 (1945)).  There are two bases for exercising personal jurisdiction over a non-resident defendant: (1) "general (sometimes called all-purpose) jurisdiction;" and (2) "specific (sometimes called case-linked) jurisdiction." Ford, 141 S. Ct. at 1024 (citing Goodyear Dunlop Tires Operations, S. A. v. Brown, 564 U.S. 915, 919 (2011)).  Here, Plaintiff asserts that the Court has specific jurisdiction over Defendant Church & Dwight. (See Doc. No. 9 at 2, 7-10.)

"Specific jurisdiction 'covers defendants less intimately connected with a State, but

only as to a narrower class of claims.'" Impossible Foods, 80 F.4th at 1086 (quoting Ford, 141 S. Ct. at 1024). The Ninth Circuit has articulated "three requirements for establishing specific jurisdiction over a non-resident defendant:"

> "(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

Id. (quoting Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017)). The plaintiff bears the burden on the first two prongs. Id.; Ayla, 11 F.4th at 979. If they are met, the defendant then "must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." Ayla, 11 F.4th at 979 (quoting Boschetto, 539 F.3d at 1016).

## II. Analysis

Here, Plaintiff has failed to satisfy the second requirement of the Ninth Circuit's specific jurisdiction test – the "arises out of or relates to" requirement. For there to be specific jurisdiction, "a plaintiff's claims must 'arise out of or relate to the defendant's contacts with the forum.'" Ayla, 11 F.4th 972, 983 (quoting Ford, 141 S. Ct. at 1026). The Ninth Circuit has "long understood that for an injury to arise out of a defendant's forum contacts required 'but for' causation, in which 'a direct nexus exists between [a defendant's] contacts [with the forum state] and the cause of action.'" Yamashita v. LG Chem, Ltd., 62 F.4th 496, 504 (9th Cir. 2023) (quoting In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 742 (9th Cir. 2013)); see also Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 262 (2017) ("there must be 'an affiliation between the forum and the underlying controversy'").

In conducting this second prong of the inquiry, courts "'consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts.'" Impossible Foods, 80 F.4th at 1091. "A single contact with the forum state may be sufficient to support jurisdiction if the action 'arise[s] out of that particular

purposeful contact of the defendant with the forum state.'" Id. "Conversely, a stronger showing of purposeful contacts with the forum state 'will permit a lesser showing' of relatedness to the litigation." Id.

Defendant Church & Dwight has provided the Court with undisputed evidence stating that Church & Dwight did not design, manufacture, label, or distribute the product at issue in California or within the United States. (Doc. No. 5-3, Dixon Decl. ¶ 5; Doc. No. 12, Hetrick Decl. ¶ 7.) The product at issue was designed in France and Spain, manufactured and labeled in Spain, and distributed directly from Spain to Church & Dwight Canada Corp. for sale in the Canadian market. (Doc. No. 5-3, Dixon Decl. ¶ 7.) Further, Church & Dwight has not sold, supplied, or otherwise distributed the product at issue in California or in the United States. (Doc. No. 5-3, Dixon Decl. ¶ 6; Doc. No. 12, Hetrick Decl. ¶ 8.) And Church & Dwight did not sell, supply, or otherwise distribute the product at issue to either Brick Adams or Amazon. (Doc. No. 5-3, Dixon Decl. ¶ 8; Doc. No. 12, Hetrick Decl. ¶ 9.) Church & Dwight has no information regarding how Brick Adams or Amazon procured the product at issue before allegedly selling it to Plaintiff. (Id.)

In an attempt to establish specific personal jurisdiction over Defendant Church & Dwight, Plaintiff relies on the following contacts: (1) a product advertisement from the May 2005 issue of CosmoGirl! magazine; and (2) Church & Dwight's sale of other sugar wax products in California. (See Doc. No. 9 at 7-9.) But a review of the record shows that both of these purported contacts involve different products from the product at issue that is the subject of Plaintiff's claims. The product at issue in this case and the subject of Plaintiff's claims is the "Nair Au Natural Milk & Honey roll-on wax hair remover" product. (Doc. No. 1-2, Compl. ¶ 4.) The product in the 2005 issue of CosmoGirl! is a different Nair wax product. (Compare Doc. No. 9-3, Castro Decl. at pp. 27-29 with id. at pp. 34-35; see also Doc. No. 11 at 4-5.) Importantly, the Nair product from the 2005 ad was a "no heat roll-on" wax product that was ready for use without heating. (See Doc. No. 9-3, Castro Decl. at p. 29.) Because the lack of instructions and warnings on the product at issue related

to its heating requirements is the crux of Plaintiff's claims in this case, the fact that the Nair product from the 2005 ad did not require heating is an important distinction. As to the other sugar wax products relied on by Plaintiff, Plaintiff concedes that these are different products from the product at issue that is the subject of her claims. (See Doc. No. 9 at 9.) Because these contacts relied on Plaintiff involve products that are different from the product at issue that is the subject of her claims, the contacts do not arise out of or relate to Plaintiff's claims and cannot be used to establish specific personal jurisdiction as to Defendant Church & Dwight in this action. See Yamashita, 62 F.4th at 506–07 (finding contacts not related where the contacts were for products different from the product that allegedly caused the plaintiff's injury); see also Briskin v. Shopify, Inc., No. 22-15815, 2023 WL 8225346, at *5 (9th Cir. Nov. 28, 2023) ("There is no such causal relationship between [defendant]'s broader California business contacts and [plaintiff]'s claims because these contacts did not cause [plaintiff]'s harm.").

In an effort to establish jurisdiction, Plaintiff also relies on the fact that Church & Dwight has a manufacturing plant in Victorville, California. (See Doc. No. 1-2, Compl. ¶ 3.) But it is undisputed that the product at issue was not designed, manufactured, labeled, or distributed in or through the Victorville plant. (Doc. No. 5-3, Dixon Decl. ¶ 5; Doc. No. 12, Hetrick Decl. ¶ 7.) As a result, Plaintiff has failed to demonstrate that the Court has specific personal jurisdiction over Defendant Church & Dwight. See Bristol-Myers Squibb, 582 U.S. 255, 265 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

### III. Plaintiff's Request for Jurisdictional Discovery

In her opposition, Plaintiff states that, in the alternative, she seeks leave to conduct expedited and limited jurisdictional discovery in order to determine Defendant Church and Dwight's specific jurisdiction in California. (Doc. No. 9 at 10.) "Jurisdictional discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Yamashita, 62 F.4th at 507 (quoting Laub v. U.S. Dept. of Int., 342 F.3d 1080, 1093 (9th

Cir. 2003)). "But 'a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery.'" Id. (quoting LNS, 22 F.4th at 864–65).

Here, Plaintiff makes a conclusory request for jurisdictional discovery at the end of her brief. (See Doc. No. 9 at 10.) Plaintiff does not substantiate her request for jurisdictional discovery with any affidavits or evidence or describe with any precision how such discovery could be helpful to the Court. As such, Plaintiff's request for jurisdictional discovery amounts to a "mere 'hunch that discovery might yield jurisdictionally relevant facts.'" See LNS, 22 F.4th at 865 (quoting Boschetto, 539 F.3d at 1020). That is insufficient. See id. As a result, the Court denies Plaintiff's request for jurisdictional discovery.

## Conclusion

For the reasons above, the Court grants Defendant Church & Dwight's motion to dismiss for lack of personal jurisdiction. In addition, the Court denies Plaintiff's request for jurisdictional discovery. Because the jurisdictional deficiencies identified above cannot be cured by amendment of the complaint, the Court dismisses Defendant Church & Dwight without leave to amend. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (citation omitted)); see also Picot, 780 F.3d at 1209 n.1 (A court "'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'"). The action will proceed against the remaining Defendants.

**IT IS SO ORDERED.**

DATED: January 2, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT