UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTA ENCUENTRA, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC., a Delaware Corporation; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; BRICK ADAMS LLC, a New Jersey Domestic Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23-cv-02051-H-SBC<br><br>**ORDER GRANTING THIRD PARTY DEFENDANT COAST TO COAST'S MOTION TO DISMISS THIRD-PARTY COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. No. 24.] |
| BRICK ADAMS LLC, a New Jersey Domestic Limited Liability Company,<br><br>　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>COAST TO COAST SALES LLC, a New York Domestic Limited Liability Company,<br><br>　　　　　　　　Third-Party Defendant. | |

On March 15, 2024, Third-Party Defendant Coast to Coast Sales LLC ("Coast to Coast") filed a motion to dismiss Third-Party Plaintiff Brick Adams LLC ("Brick Adams")'s third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 24.) On April 8, 2024, Brick Adams filed an opposition to Coast to Coast's motion. (Doc. No. 32.) On April 15, 2024, Coast to Coast filed a reply. (Doc. No. 37.) On April 15, 2024, the Court took the matter under submission. (Doc. No. 38.) For the reasons below, the Court grants Coast to Coast's motion to dismiss with leave to amend.

## Background

The following factual background is taken from the allegations in Plaintiff's state court complaint. Defendant Church & Dwight is a consumer goods company that manufactures household personal care products, including body hair remover products and, specifically, the "Nair Au Natural Milk & Honey roll-on wax hair remover" ("the product at issue"). (Doc. No. 1-2, Compl. ¶¶ 3-4.)

On or about May 6, 2020, Plaintiff purchased the product at issue from Defendant Amazon.com Services LLC ("Amazon")'s website. (Id. ¶¶ 12-13.) Defendant Brick Adams was the third-party seller for the product. (Id. ¶ 13.)

On or about October 29, 2021, Plaintiff decided to use the product. (Id. ¶ 16.) It was the second time Plaintiff had used the product, and she did not have the printed instructions that were on the product's packaging insert anymore, so she relied on her memory from her prior use to prepare the product. (Id.) Plaintiff placed the product on a plate and microwaved it to heat it up, but Plaintiff did not remember to take off the product's "hidden cap." (Id.) Plaintiff heated the product in the microwave for more than the 15 seconds stated on the product's enclosed instructions. (See id. ¶¶ 12, 15-16.) Plaintiff then took the product and plate out of the microwave, placed the plate on a counter, and then the product exploded, causing heated wax to spray across Plaintiff's body. (Id. ¶

16.) Plaintiff suffered serious and permanent bodily injuries including second degree burns from the incident. (Id.)

Plaintiff alleges that it is a customary standard in the industry for similar products to have instructions and a warning printed directly on the product itself. (Id. ¶ 19.) Plaintiff asserts, therefore, that the product at issue should have had: "1) instructions stating to remove the hidden cap before placing in the microwave; and 2) a warning of the dangers of an explosion, printed directly on the Product." (Id.)

On October 4, 2023, Plaintiff filed a complaint in the Superior Court for the County of San Diego against Defendants Church & Dwight, Amazon, and Brick Adams, alleging claims for: (1) negligent product liability; (2) strict product liability – design and manufacturing defect; and (3) strict product liability – failure to warn. (Doc. No. 1-2, Compl. ¶¶ 27-64.) On November 7, 2023, Defendants removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.)

On November 14, 2023, Defendant Amazon filed an answer to Plaintiff's complaint. (Doc. No. 4.) On November 28, 2023, Defendant Brick Adams filed an answer to Plaintiff's complaint. (Doc. No. 7.) Defendant Brick Adams also filed a third-party complaint against Third-Party Defendant Coast to Coast, alleging claims for: (1) equitable indemnity; (2) apportionment and contribution; and (3) declaratory relief. (Doc. No. 7-1, Third-Party Compl. ¶¶ 11-26.) On January 2, 2024, the Court granted Defendant Church & Dwight's motion to dismiss for lack of personal jurisdiction, and the Court dismissed Defendant Church & Dwight from the action without leave to amend. (Doc. No. 13.)

By the present motion, Third-Party Defendant Coast to Coast moves to dismiss all the claims in Brick Adam's third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 24-1 at 2, 8.)

/ / /

/ / /

**Discussion**

**I.     Coast to Coast's Rule 12(b)(5) Motion to Dismiss**

Coast to Coast moves pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss Brick Adams's third-party complaint for insufficient service of process. (Doc. No. 24-1 at 5-6.) Coast to Coast argues that Brick Adams has failed to properly serve its complaint and summons on Coast to Coast in compliance with Federal Rule of Civil Procedure 4. (See id.) In response, Brick Adams argues that its service of process on Coast to Coast was sufficient under federal and California law. (Doc. No. 32 at 3-9.)

   A.     **Legal Standards**

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5); see Wasson v. Riverside Cnty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) ("'A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.'"). This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

"'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail, 840 F.2d at 688. "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id.; see Hensley v. Interstate Meat Distribution, Inc., No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) ("'A liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" (quoting Reeder v. Knapik, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)).

Once service is challenged via a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of prove that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). "'A signed return of service constitutes prima facie evidence of valid service "which can be overcome only by strong and convincing evidence."'" S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).

Federal Rule of Civil Procedure 4(h) governs service on corporations and provides that a corporation must be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). As such, Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1) combine to permit service on a corporation by following California law for service on a corporation.

California Code of Civil Procedure § 416.10 governs service on corporations and provides:

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).

    (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

    (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b).

    (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

Cal. Code. Civ. Pro. § 416.10.

    B.    <u>Analysis</u>

As the third-party plaintiff in this action, Brick Adams bears the burden of demonstrating that its service of process on Coast to Coast was proper under Federal Rule of Civil Procedure 4. <u>See</u> <u>Brockmeyer</u>, 383 F.3d at 801. Brick Adams first argues that its service of process on Coast to Coast was proper under Federal Rule of Civil Procedure 4(e)(2). (Doc. No. 32 at 4-5.) But Brick Adams's reliance on Rule 4(e)(2) is misplaced as that provision cannot be used to effect service on a corporation. In its third-party complaint, Brick Adams alleges that Coast to Coast is a limited liability company formed under the laws of the State of New York. (Doc. No. 7-1, Third-Party Compl. ¶ 3.) Federal Rule of Civil Procedure 4(e) governs service on individuals, not corporations or other business entities. <u>See</u> Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States"). Federal Rule of Civil Procedure 4(h), which governs service on corporations, does provide that service may be made on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). But Rule 4(h) says nothing about permitting service in the manner prescribed by Rule 4(e)(2). <u>See generally</u> Fed. R. Civ. P. 4(h). As such, Rule 4(e)(2) is inapplicable to corporations, and Brick Adams cannot rely on Rule 4(e)(2) to demonstrate that its service on Coast to Coast was proper. <u>See</u> <u>Villegas-Rubi v. Dynamic Change, Inc.</u>, No. 3:17-CV-01531-HZ, 2018 WL 706485, at *2 (D. Or. Feb. 5, 2018) ("Rule 4(h), governing service on corporations,

does not allow for service on corporations under Rule 4(e)(2)."). In sum, the Court rejects Brick Adams's assertion that it properly served Coast to Coast pursuant to Federal Rule of Civil Procedure 4(e)(2).

Brick Adams next argues that it properly served Coast to Coast under California law, specifically California Code of Civil Procedure § 415.20. (Doc. No. 32 at 5-9.) California Code of Civil Procedure § 415.20(a) permits substituted service on corporations. See NewRez LLC v. Brosnan, No. CV228822MWFMAAX, 2023 WL 5506000, at *3 (C.D. Cal. July 7, 2023); Gimenez v. Gunnar Optiks, LLC, No. 23-CV-0671-AGS-VET, 2024 WL 166003, at *1 (S.D. Cal. Jan. 16, 2024). Section 415.20(a) provides:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Pro. § 415.20(a). California "[s]tatutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant.'" Ellard v. Conway, 94 Cal. App. 4th 540, 544 (2001) (quoting Bein v. Brechtel–Jochim Group, Inc., 6 Cal. App. 4th 1387, 1392 (1992)); see also Pasadena Medi-Ctr. Assocs. v. Superior Ct., 9 Cal. 3d 773, 778 (1973) ("'The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant.'").

In an effort to demonstrate that it properly served Coast to Coast pursuant to California Code of Civil Procedure § 415.20(a), Brick Adams has provided the Court with a signed proof of service stating that on January 23, 2024, a process server served the

summons and complaint on an individual named "Steve Doe, Employee, Authorized to Accept Service" at 553 Willow Avenue, Suite 201, Cedarhurst, NY 11516. (Doc. No. 32-1, Malachowski Decl. ¶ 5, Ex. D; see Doc. No. 32 at 6.) This signed proof of service is sufficient to constitute prima facie evidence of valid service. See Internet Sols. for Bus., 509 F.3d at 1166.

    Nevertheless, in response to that proof of service, Coast to Coast has provided the Court with declarations from its principal, Issac Appel, stating that the person supposedly served on January 23, 2024 is neither an employee of Coast to Coast nor authorized to accept service of process for Coast to Coast. (Doc. No. 24-2, Appel Decl. ¶¶ 2-3; Doc. No. 37-1, Appel Supp. Decl. ¶ 5.) The declarations further state that Coast to Coast has never used that address to conduct business. (Doc. No. 37-1, Appel Supp. Decl. ¶ 5.) The declarations explain that the business at the "553 Willow Avenue, Suite 201" is an accounting services firm M. Davidson & Co and that although "M. Davidson & Co. performs accounting services for Coast to Coast, no one at M. Davidson & Co. is an employee of Coast to Coast, nor was anyone at M. Davidson & Co. authorized to accept service of process for Coast to Coast." (Doc. No. 24-2, Appel Decl. ¶ 3.) In its briefing, Brick Adams provides no response to these factual allegations set forth in Appel's declarations. Brick Adams does not attempt to explain why it believed the "553 Willow Avenue, Suite 201" belongs to Coast to Coast or why the process server thought Steve Doe was an agent of Coast to Coast and not simply an employee of M. Davidson & Co. (See generally Doc. No. 32.) As such, Coast to Coast's unrebutted declarations constitute strong and convincing evidence demonstrating that the January 23, 2024 attempt at service was insufficient and did not comply with California Code of Civil Procedure § 415.20(a) because the summons and complaint were served at the office of a different entity – M. Davidson & Co. – and not at the office or mailing address of any employee or authorized agent of Coast to Coast.

    In an effort to demonstrate that it properly served Coast to Coast pursuant to California Code of Civil Procedure § 415.20(a), Brick Adams also contends that it served

Coast to Coast via certified mail and return receipt at 1058 Pacific Street, Brooklyn, NY, United States, 11238.[1]  (Doc. No. 32 at 7-8; see Doc. No. Doc. No. 32-1, Malachowski Decl. ¶ 7, Ex. F.)  But section § 415.20(a) does not permit substituted service on a corporation by simply sending the complaint and summons via certified mail and return receipt.  See generally Cal. Code Civ. Pro. § 415.20(a).  Rather, section § 415.20(a) specifically requires service "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof" and by thereafter also "mailing a copy of the summons and complaint by first-class mail." Id.  As such, Brick Adams's attempt to serve Coast to Coast via certified mail was improper and ineffective under California law.

Finally, in an effort to demonstrate that it properly served Coast to Coast pursuant to California Code of Civil Procedure § 415.20(a), Brick Adams has also provided the Court with a proof of service stating that on April 3, 2024, a process server the complaint and summons on a person named "Levye Saul, employee" at "124 Division Avenue Suite 1, Brooklyn, NY 11211."  (Doc. No. 32-1, Malachowski Decl. ¶ 10, Ex. I.)  Brick Adams has provided the Court with evidence showing that the Division Avenue address is the mailing address for Issac Appel.  (Doc. No. 32-1, Malachowski Decl. ¶ 9, Ex. H.)  Section 415.20(a) permits for service to be made at the mailing address of the head of the company, but only if "no physical [office] address is known."  Cal. Code Civ. Pro. § 415.20(a).  Brick

---

[1]  Brick Adams has provided the Court with evidence showing that the "1058 Pacific Street" address is the address listed for Coast to Coast on the New York Secretary of State's website.  (Doc. No. 32-1, Malachowski Decl. ¶ 3, Ex. B; see Doc. No. 32 at 6.)  Nevertheless, Brick Adams has also presented the Court with a proof of service stating that a process server attempted to serve Coast to Coast at that address on January 26, 2024, but service was unsuccessful because "[t]he subject moved years ago."  (See id. Ex. C; see also Doc. No. 37-1, Appel Supp. Decl. ¶ 4 ("Coast to Coast moved from and stopped conducting any business from [the 1058 Pacific Street] address approximately five (5) years ago.").)  Thus, the evidence in the record shows that Brick Adams was aware that this is no longer Coast to Coast's address.

Adams has failed to demonstrate that no physical office address is known for Appel or Coast to Coast. The Court notes that a basic google search of Coast to Coast Sales LLC reveals several web pages that list an address in Ridgefield Park, New Jersey as the address for the company. The webpages also list Issac Appel as the key principal/contact for the company. As such, Brick Adams has failed to demonstrate that the April 3, 2024 attempt at service properly complied with California Code of Civil Procedure § 415.20(a).

In sum, Brick Adams has failed to demonstrate that it properly served Coast to Coast with the summons and third-party complaint in this action in accordance with Federal Rule of Civil Procedure 4 and California law. As such, the Court grants Coast to Coast's motion, and the Court dismisses Brick Adams's third-party complaint for insufficient service of process.[2]

## II.     Coast to Coast's Rule 12(b)(6) Motion to Dismiss

Coast to Coast also moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Brick Adams's third-party complaint for failure to state a claim. (Doc. No. 24-1 at 6-8.)

### A.     Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

---

[2] In its briefing, Brick Adams requests, in the event that the Court dismisses the third-party complaint for insufficient service of process, that the Court grant it leave to serve the summons and complaint on Coast to Coast's local counsel via email pursuant to New York Civil Practice Law and Rules § 311-A(b). (Doc. No. 32 at 9.) See Fed. R. Civ. P. 4(e)(1) (stating that service made be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made"). Section 311-A(b) provides: "If service is impracticable under subdivision (a) of this section, it may be made in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 311-A(b). Brick Adams has not yet shown that service on Coast to Coast via other methods is "impracticable." See S.E.C. v. Nnebe, No. 01 CIV. 5247(KMW)KNF, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) ("[A] plaintiff seeking to effect alternative service 'must make some showing that the other prescribed methods of service could not be made.'"). As such, the Court denies Brick Adams's request for service of process in this manner at this time.

sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc.

v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

B. Analysis

In the third-party complaint, Brick Adams alleges claims against Coast to Coast for: (1) equitable indemnity; (2) apportionment and contribution; and (3) declaratory relief. (Doc. No. 7-1, Third-Party Compl. ¶¶ 11-26.) Coast to Coast argues that Brick Adams's claims should be dismissed because Brick Adams has failed to allege that it is a joint tortfeasor with Coast to Coast, which is an essential element of its claims for equitable indemnity and apportionment and contribution. (Doc. No. 24-1 at 6-7; Doc. No. 37 at 6-7.)

The parties agree that Brick Adams's claims are governed by California law. (See Doc. No. 32 at 10-11; Doc. No. 24-1 at 6; Doc. No. 37 at 6.) "California state law, as set forth by intermediate appellate courts, is clear. Equitable indemnity is only available between joint tortfeasors." In re Med. Cap. Sec. Litig., 842 F. Supp. 2d 1208, 1213 (C.D. Cal. 2012); see Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc., 491 F. Supp. 3d 506, 517 (N.D. Cal. 2020) ("The predicate for an equitable indemnification claim is that the proposed indemnitor and indemnitee are joint tortfeasors."). Thus, in order to adequately state a claim for equitable indemnity or contribution under California law, a third-party plaintiff must allege that the third-party defendant is a joint tortfeasor. Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc., No. CV 2:13-01378 WBS AC, 2015 WL 6447484, at *3 (E.D. Cal. Oct. 23, 2015).

In its third-party complaint, Brick Adams never alleges that it is a joint tortfeasor with Coast to Coast. (See generally Doc. No. 7-1, Third-Party Compl.) Rather, Brick Adams simply alleges that Coast to Coast is the responsible party for the events at issue. (See id. ¶ 8.) As such, Brick Adams has failed to allege an essential element of its claims for equitable indemnity and contribution against Coast to Coast, and, therefore, the claims must be dismissed. See, e.g., Lehman Com. Paper, Inc. v. Fid. Nat'l Title Ins. Co., No. SACV12570JSTANX, 2012 WL 12884913, at *3 (C.D. Cal. Nov. 27, 2012) ("Fidelity has not alleged in its Complaint that First American is a joint tortfeasor with it against Lehman. Accordingly, its claim for equitable indemnity is dismissed."); Abaxis, 491 F. Supp. 3d at 519 (dismissing equitable indemnity claim for failure to allege joint tortfeasor element); Carolina Cas., 2015 WL 6447484, at *4 (dismissing equitable indemnity and contribution claims for failure to allege joint tortfeasor element); Deren v. Sharp Elecs. Corp., No. SACV15869JLSJCGX, 2015 WL 13917882, at *4 (C.D. Cal. Dec. 17, 2015) (dismissing contribution claim for failure to allege joint tortfeasor element).

Moreover, Brick Adams's claim for declaratory relief is derivative of its claims for equitable indemnity and contribution. (See Doc. No. 7-1, Third-Party Compl. ¶ 23 ("Third-Party defendant has a duty to contribute and indemnify third-party plaintiff for any recovery plaintiff may realize . . . .").) As such, because Brick Adams has failed to properly state claims for equitable indemnity and contribution against Coast to Coast, and Brick Adams's claim for declaratory relief is derivative of those claims, Brick Adams has also failed to properly state a claim for declaratory relief against Coast to Coast. As a result, the Court also dismisses Brick Adams's claim for declaratory relief.

/ / /

/ / /

/ / /

### Conclusion

For the reasons above, the Court grants Third-Party Defendant Coast to Coast's motion to dismiss Brick Adams's third-party complaint for insufficient service of process and for failure to state a claim. The Court's dismissal of the third-party complaint is without prejudice and with leave to amend. See Telesaurus, 623 F.3d at 1003. Brick Adams may file an amended third-party complaint **within 30 days from the date this order is filed**. In addition, Brick Adams must serve Coast to Coast with the summons and operative third-party complaint **within 30 days from the date its amended third-party complaint is filed**.

**IT IS SO ORDERED.**

DATED: April 17, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT