UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTA ENCUENTRA, an individual,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC., a Delaware Corporation; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; BRICK ADAMS LLC, a New Jersey Domestic Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 23-cv-02051-H-SBC<br><br>**ORDER DENYING THIRD PARTY DEFENDANT COAST TO COAST'S MOTION TO DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT**<br><br>[Doc. No. 44.] |
| BRICK ADAMS LLC, a New Jersey Domestic Limited Liability Company,<br><br>　　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>COAST TO COAST SALES LLC, a New York Domestic Limited Liability Company,<br><br>　　　　　　　　　Third-Party Defendant. | |

On May 30, 2024, Third-Party Defendant Coast to Coast Sales LLC ("Coast to Coast") filed a motion to dismiss Third-Party Plaintiff Brick Adams LLC ("Brick Adams")'s first amended third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and Civil Local Rule 4.1(b). (Doc. No. 44.) On June 17, 2024, Brick Adams filed an opposition to Coast to Coast's motion. (Doc. No. 49.) On June 24, 2024, Coast to Coast filed a reply. (Doc. No. 51.) On June 24, 2024, the Court took the matter under submission. (Doc. No. 50.) For the reasons below, the Court denies Coast to Coast's motion to dismiss.

## Background

The following factual background is taken from the allegations in Plaintiff's state court complaint. Defendant Church & Dwight is a consumer goods company that manufactures household personal care products, including body hair remover products and, specifically, the "Nair Au Natural Milk & Honey roll-on wax hair remover" ("the product at issue"). (Doc. No. 1-2, Compl. ¶¶ 3-4.)

On or about May 6, 2020, Plaintiff purchased the product at issue from Defendant Amazon.com Services LLC ("Amazon")'s website. (Id. ¶¶ 12-13.) Defendant Brick Adams was the third-party seller for the product. (Id. ¶ 13.)

On or about October 29, 2021, Plaintiff decided to use the product. (Id. ¶ 16.) It was the second time Plaintiff had used the product, and she did not have the printed instructions that were on the product's packaging insert anymore, so she relied on her memory from her prior use to prepare the product. (Id.) Plaintiff placed the product on a plate and microwaved it to heat it up, but Plaintiff did not remember to take off the product's "hidden cap." (Id.) Plaintiff heated the product in the microwave for more than the 15 seconds stated on the product's enclosed instructions. (See id. ¶¶ 12, 15-16.) Plaintiff then took the product and plate out of the microwave, placed the plate on a counter, and then the product exploded, causing heated wax to spray across Plaintiff's body. (Id. ¶ 16.) Plaintiff suffered serious and permanent bodily injuries including second degree burns from the incident. (Id.)

Plaintiff alleges that it is a customary standard in the industry for similar products to have instructions and a warning printed directly on the product itself. (Id. ¶ 19.) Plaintiff asserts, therefore, that the product at issue should have had: "1) instructions stating to remove the hidden cap before placing in the microwave; and 2) a warning of the dangers of an explosion, printed directly on the Product." (Id.)

On October 4, 2023, Plaintiff filed a complaint in the Superior Court for the County of San Diego against Defendants Church & Dwight, Amazon, and Brick Adams, alleging claims for: (1) negligent product liability; (2) strict product liability – design and manufacturing defect; and (3) strict product liability – failure to warn. (Doc. No. 1-2, Compl. ¶¶ 27-64.) On November 7, 2023, Defendants removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.)

On November 14, 2023, Defendant Amazon filed an answer to Plaintiff's complaint. (Doc. No. 4.) On November 28, 2023, Defendant Brick Adams filed an answer to Plaintiff's complaint. (Doc. No. 7.) Defendant Brick Adams also filed a third-party complaint against Third-Party Defendant Coast to Coast, alleging claims for: (1) equitable indemnity; (2) apportionment and contribution; and (3) declaratory relief. (Doc. No. 7-1, Third-Party Compl. ¶¶ 11-26.) On January 2, 2024, the Court granted Defendant Church & Dwight's motion to dismiss for lack of personal jurisdiction, and the Court dismissed Defendant Church & Dwight from the action without leave to amend. (Doc. No. 13.)

On March 15, 2024, Third-Party Defendant Coast to Coast filed a motion to dismiss Brick Adams's third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 24.) On April 17, 2024, the Court granted Coast to Coast's motion to dismiss, and the Court dismissed Brick Adams's Third-Party Complaint for insufficient service of process and for failure to state a claim without prejudice and with leave to amend. (Doc. No. 39 at 14.) In the order, the Court granted Brick Adams leave to file an amended third-party complaint within thirty days from the date of the filing of

the order, and the Court granted Brick Adams leave to serve Coast to Coast with the summons and operative third-party complaint within 30 days from the date the amended third-party complaint is filed. (Id.)

On May 16, 2024, Brick Adams filed a first amended third-party complaint against Coast to Coast. (Doc. No. 42.) By the present motion, Third-Party Defendant Coast to Coast moves to dismiss Brick Adam's first amended third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and Civil Local Rule 4.1(b) for insufficient service of process. (Doc. No. 44-1 at 2, 8.)

## Discussion

Coast to Coast moves to dismiss Brick Adams's first amended third-party complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and Civil Local Rule 4.1(b). (Doc. No. 24-1 at 5-6.) Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5); see Wasson v. Riverside Cnty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) ("'A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.'"). This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

"'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail, 840 F.2d at 688. "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id.; see Hensley v. Interstate Meat Distribution, Inc., No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) ("'A liberal construction of Rule 4 cannot be utilized as a substitute for

the plain legal requirement as to the manner in which service of process may be had.'" (quoting Reeder v. Knapik, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)).

Once service is challenged via a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of prove that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). "'A signed return of service constitutes prima facie evidence of valid service "which can be overcome only by strong and convincing evidence."'" S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).

B.   Analysis

Coast to Coast argues that the Brick Adams's first amended third-party complaint should be dismissed because Brick Adams has failed to serve the operative pleading within the required 100 days set forth in Local Rule 4.1(b). (Doc. No. 44 at 2, 5.) In response, Brick Adams argues that Coast to Coast's motion to dismiss should be denied because the deadline for service set forth in the Court's April 17, 2024 order controls and not the deadline set forth in Civil Local Rule 4.1(b). (Doc. No. 49 at 4-5.) Brick Adams is correct.

Federal Rule of Civil Procedure 4(m) entitled "Time Limit for Service" provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Civil Local Rule 4.1(b) entitled "Failure to Serve" further provides:

> On the one hundredth (100th) day following the filing of the complaint, or on the fourteenth (14th) day following an extension of time to serve, if proof of service has not yet been filed, the Clerk will prepare an order to show cause with notice to plaintiff why the case should not be dismissed without prejudice and submit it to the assigned district judge for signature.

S.D. Cal. Civ. L.R. 4.1(b). In addition, Federal Rule of Civil Procedure 6(b) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

  (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

  Coast to Coast is correct that Civil Local Rule 4.1(b) along with Federal Rule of Civil Procedure 4(m) provides deadlines for timely service of process in a civil action in federal court. But Coast to Coast fails to appreciate that, under Federal Rules of Civil Procedure 4(m) and 6(b), the Court on its own motion may extend the time for service of process.

  In the Court's April 17, 2024 order, the Court extended the time for Brick Adams to effect service of the operative complaint in this action. Specifically, the Court held: "Brick Adams must serve Coast to Coast with the summons and operative third-party complaint within 30 days from the date its amended third-party complaint is filed." (Doc. No. 39 at 14.)

  Brick Adams filed its first amended third-party complaint on May 16, 2024. (Doc. No. 42.) Thus, under the Court's April 17, 2024 order, Brick Adams had until Monday, June 16, 2024 to serve Coast to Coast with the operative complaint. (See Doc. No. 39 at 14.) Coast to Coast has not demonstrated that Brick Adams has failed to effect service of the complaint by June 16, 2024.[1] As such, Coast to Coast has failed to demonstrate that dismissal of Brick Adams's complaint is appropriate at this time.

/ / /

/ / /

/ / /

---

[1] Indeed, to the contrary, in its reply brief, Coast to Coast concedes: "since the instant motion was filed, Brick Adams has effectuated service on Coast to Coast of its First Amended Third Party Complaint." (Doc. No. 51 at 1.)

## Conclusion

For the reasons above, the Court denies Third-Party Defendant Coast to Coast's motion to dismiss Brick Adams's first amended third-party complaint.

**IT IS SO ORDERED.**

DATED: June 25, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT